UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELLUS OVERTON,

        Petitioner,                                Case No. 24-cv-12550

v.

                                                   HON. MARK A. GOLDSMITH

WARDEN E. EMMERICH,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO WITHDRAW (Dkt. 4) AND (2) DISMISSING THE CASE WITHOUT PREJUDICE (Dkt. 1)**

      Marcellus Overton, a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 concerning his conditions of confinement at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford).  Petition (Dkt. 1).  In particular, he complains that he was subject to mold, dust, and other allergens that negatively affected his health while confined at that facility before the Bureau of Prisons (BOP) transferred him to FCI-Milan.  Id. He seeks injunctive relief and monetary damages.  Id.  Petitioner originally filed this action in the United States District Court for the Southern District of Indiana, and the case was recently transferred to this Court.  9/27/2024 Transfer (Dkt. 2).

**I. ANALYSIS**

      On December 27, 2024, Petitioner filed a motion to voluntarily withdraw his petition "and to have his petition recharacterized as a 42 U.S.C. § 1983 claim.  Mot. at PageID.4 (Dkt. 4).

      Federal Rule of Civil Procedure 41(a) "applies to habeas corpus proceedings." Bey v. Hemingway, No. 20-12029, 2020 WL 8617585, at *1 (E.D. Mich. Sept. 18, 2020) (collecting

1

cases); see also Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure ..., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "[V]oluntary dismissal of a claim without prejudice leaves the situation as if the action had never been filed[.]" Recker v. Newcourt Credit Grp., Inc., 126 F. App'x 226, 233 (6th Cir. 2005) (citing Bowman v. Shawnee State Univ., 220 F.3d 456, 465 n.7 (6th Cir. 2000)). A decision to grant or deny a voluntary dismissal is committed to the sound discretion of the district court. Walther v. Fla. Tile, Inc., 776 F. App'x 310, 315 (6th Cir. 2019).

In evaluating motions to withdraw a habeas petition, courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." See Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993); see also Cook v. New York State Div. Of Parole, 321 F.3d 274, 282 (2d Cir. 2003) (after state prisoner's § 2241 petition was converted by the court into a § 2254 petition, prisoner would be allowed opportunity to withdraw his petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds). Petitioner's ability to present constitutional violations is not abridged by a procedural trap. Indeed, Petitioner appears aware that his claim is more akin to a conditions of confinement claim, rather than a habeas claim. Permitting Petitioner to dismiss this case without prejudice does not abridge his rights due to a procedural trap.

Additionally, the district court must ensure that the petitioner is not seeking to withdraw to bypass the limitations on filing a second or successive habeas petition "by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." Felder v. McVicar, 113 F.3d 696, 698 (7th Cir. 1997). The Court has not yet adjudicated

Petitioner's petition on the merits and there is no indication that Petitioner's motion is an effort to bypass other limitations. Accordingly, the Court will permit Petitioner to voluntarily withdraw his petition. The petition is dismissed without prejudice.

## II. CONCLUSION

The Court grants Petitioner's motion to withdraw his petition (Dkt. 4). The Petition (Dkt. 1) is dismissed without prejudice.

Finally, because this Order closes the case, the Court denies Petitioner's request to convert his Petition into a § 1983 claim. The Court's dismissal is without prejudice to the filing of a civil rights complaint in the appropriate court. The Court makes no determination as to the merits of any such complaint. Nor will the Court provide Petitioner with "the necessary forms and directions for filing a 1983 claim." Mot. at PageID.4 "District judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004).

**IT IS SO ORDERED**.

Dated: June 10, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2025.

s/Joseph Heacox  
Joseph Heacox  
Case Manager